MARTHA E. GROPPER, Appellant, *v.* CHARLES GROPPER
and Others, Individually and as Executors, etc., of EDWARD
GROPPER, Deceased, Respondents.

First Department, November 18, 1921.

**Pleadings — action against defendants individually and as executors
to recover on contract made by them individually — complaint
states cause of action against defendants individually — parties —
demurrer by " defendants " overruled where complaint good as
to some of them.**

Complaint in an action against defendants both individually and as executors
to recover installments due on a contract states a cause of action against
them as individuals, but not as executors, for the installments due,
where it sets out a contract made by them as individuals with the plaintiff
whereby in consideration of the transfer of certain stock to them, which
was not a part of the estate, they agreed to pay the plaintiff weekly
installments for three years, $25,000 within one year, and to create a
trust fund of $10,000 for plaintiff's unborn child within one year, and
that none of the installments have been paid, but which does not attempt
to state a cause of action for the $25,000 or the $10,000 trust fund, which
were not due, and demands no judgment as to those items.

The unborn child was not and could not be interested in the installment
contract and was not a necessary party.

Since the demurrer was by " the defendants " it must be overruled as the
complaint set out a cause of action good as to some of them.

The complaint was not demurrable for defect of parties plaintiff and
defendant.

APPEAL by the plaintiff, Martha E. Gropper, from an order
of the Supreme Court, made at the New York Special Term
and entered in the office of the clerk of the county of New
York on the 26th day of May, 1921, denying plaintiff's motion
for judgment on the pleadings, and sustaining defendants'
demurrer to the complaint.

*Max D. Steuer,* for the appellant.

*Foster & Newman* [*Jerome A. Strauss* of counsel], for the
respondents.

SMITH, J.:

The defendants are sued both individually and as executors
of the estate of Edward Gropper. The complaint sets out
that plaintiff's husband, Edward Gropper, died June 17, 1920,

leaving a will making the defendants his residuary legatees and appointing them executors; that the will was probated October 20, 1920; that the deceased by his will left plaintiff $15,000 in lieu of dower and that he left considerable realty and personalty. The complaint then set out a contract made by the defendants as individuals with the plaintiff, by which plaintiff agreed to deliver to the defendants some shares of stock not a part of the estate and in consideration of that delivery the defendants agreed to pay the plaintiff $50 a week for three years from the date of that contract; to pay to the plaintiff within one year from the date of the contract the sum of $25,000 and within that year create a trust fund of $10,000 for the benefit of the unborn child of the plaintiff. The contract was entered into June 24, 1920, and plaintiff at once delivered to the defendants the shares of stock mentioned but the defendants have failed and refused to pay the $50 per week which was to commence from the date of the contract and to continue for three years unless plaintiff should remarry, in which case such payments should cease. The plaintiff has not remarried.

This complaint states a cause of action for the installments due between the date of the contract and the commencement of the action, *i. e.,* between June 24, 1920, and February 28, 1921, against the defendants as individuals, but states no cause of action against the defendants as executors. No cause of action is stated or attempted to be stated as to the $25,000 cash or the $10,000 trust fund, and no demand for judgment as to those items is made. Those items were not due when the action was commenced as the year mentioned within which they were to be paid had not expired. The unborn infant was not and could not be interested in the weekly $50 payments, hence was not and is not a necessary party to this action.

Assuming that defendants as executors could have demurred separately to the complaint, as the demurrer was by *the defendants* and the cause of action was good as to some of them, the demurrer should have been overruled and the plaintiff's motion should have been granted.

The demurrer also challenges the complaint for defect of

parties plaintiff and defendant. In my view of the obligations of the contract, this challenge is not sustained.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion of the plaintiff for judgment on the pleadings granted, with ten dollars costs, with leave to the defendants to withdraw the demurrer and to answer upon payment of such costs.

CLARKE, P. J., DOWLING, PAGE and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to defendants to withdraw demurrer and to answer on payment of said costs.